IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTOINE WARREN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.  2:03cv545-F |
| ) | WO |
| RALPH HOOKS, Warden, *et al.*, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. Introduction**

In 2000, Antoine Warren pleaded guilty in the Circuit Court of Montgomery County, Alabama to charges of murder and assault in the second degree.  Based on the application of Alabama Habitual Felony Offender Act, Warren was sentenced on October 19, 2000, to concurrent terms of life imprisonment and fifteen years.  On November 9, 2000, Warren filed a motion to withdraw his guilty pleas on the basis of ineffective assistance of counsel.  The trial court denied this motion, and Warren appealed to the Alabama Court of Criminal Appeals.  That court remanded the case to the trial court for an evidentiary hearing on Warren's motion to withdraw his plea.

Following the hearing, the trial court again denied Warren's motion.  In his written opinion, the trial judge stated that "Warren presented no testimony to the court to remotely suggest that his counsel's performance was deficient and that he was prejudiced by the deficient performance.  In fact, those claims were abandoned at the hearing . . ." (Resps' Ex.

B. at 32).[1]  The Alabama Court of Criminal Appeals thereafter affirmed Warren's conviction on the basis of the trial court's findings and conclusions of law.  Warren then filed a petition for certiorari in the Alabama Supreme Court which was denied on December 14, 2001.

In 2002, Warren filed a petition for collateral review pursuant to ALA. R. CRIM. P. 32.  In this petition, Warren complained that his trial counsel was ineffective because he failed to seek a mental evaluation of Warren and failed to adequately investigate the facts of the case.  Warren further claimed that his appellate counsel was ineffective by not including Warren's claims regarding his ineffective trial counsel in his motion to withdraw.  The Rule 32 petition was denied, and Warren appealed.  On appeal, Warren raised only one issue: "Whether the trial court erred in dismissing the Appellant's Rule 32 petition without holding an evidentiary hearing on the issue raised therein?"  (Resps' Ex. I at 2).  The Alabama Court of Criminal Appeals affirmed the summary dismissal of Warren's Rule 32 petition.

> In Warren's motion to withdraw his guilty plea, he raised several claims of ineffective assistance of counsel, including the claim that trial counsel had rendered ineffective assistance by failing to adequately investigate the facts of the case.  Therefore, Warren's claim regarding the mental health evaluation is precluded because it could have been, but was not raised at trial, which was as soon as practicable . . . Additionally, Warren's claim regarding inadequate investigation is precluded because it was raised at trial . . . Because Warren's

---

[1] The trial judge did address the sole claim on which evidence was presented: that Warren killed the victim in self-defense and that he did not want to plead guilty but did want to go to trail based on that defense.  Warren further claimed that the only reason he decided to go to trial was because his lawyer told him that if he were convicted, he could be sentenced to life without parole.  The evidence shows that Warren had three or more prior felony convictions, none of which were class A felonies. *See* Resps' Ex. A at 15.  Thus, upon conviction for murder, a class A felony under Alabama law, ALA. CODE § 13A-5-9(c)(3) provides that a defendant "must be punished by imprisonment for life or life without the possibility of parole, in the discretion of the trial court."

claims were precluded, summary disposition was appropriate.

(Resps' Ex J at 2-3).

Warren did not file an application for rehearing in the Alabama Court of Criminal Appeals and did not file a petition for certiorari in the Alabama Supreme Court. Rather, on May 22, 2003, Warren filed this petition seeking relief pursuant to 28 U.S.C. § 2254.

In his petition, Warren claims that his constitutional rights were violated because (1) trial counsel was ineffective because he did not seek a mental evaluation of him when Warren could have successfully defended the charges against him on the ground that he was suffering from a mental disease or defect at the time of the offenses, (2) his pleas were involuntary because his counsel did not explain all of his rights to him and because he did not understand the rights he was waiving when he pleaded guilty, and (3) his counsel was ineffective because he "did not adequately investigate the facts and that therefore, Petitioner had no choice but to plead guilty."

In their answer, the respondents address the merits of these claims but first assert that Warren's petition should be denied because all of his claims are procedurally defaulted. As explained below, the respondents are correct about the default. Warren's default of his claims precludes the court from considering them on the merits, and his petition for habeas relief should be denied.

## II. Discussion

*A. Procedural Default Generally.* The procedural default doctrine ensures that "state

3

courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The United States Supreme Court has interpreted § 2254(c) to require a state prisoner to present his claims to the state's highest court, even if review is discretionary, when such review is part of the ordinary appellate review procedure. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (involving the Illinois direct appeal process). This requirement's purpose is to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id*. at 845. This court may consider procedurally defaulted claims on the merits only if the petitioner shows either (1) cause for the procedural default and actual prejudice arising out of the violation of federal law, *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), or (2) a resulting fundamental miscarriage of justice if the federal court does not consider the claims. *Coleman v. Thompson*, 501 U.S 722 (1991).

*B. Warren's Claims*. Warren's first claim is that his trial counsel was ineffective because he did not seek a mental evaluation of him. This claim was raised for the first time in Warren's Rule 32 petition. Warren did not raise this issue on appeal from the denial of his Rule 32 petition. In resolving the single issue raised on appeal, the Alabama Court of Criminal Appeals noted that this claim was defaulted because it was not raised in Warren's motion for new trial. Warren did not seek certiorari review of the denial of this claim; therefore, at the very least, this claim is barred by the principles established in *Boerckel, supra*. *See Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003) (*Boerckel* applies to Alabama's collateral review

process as well as the direct appeal process).

Warren's second claim concerns the voluntariness of his pleas as affected by his counsel's ineffectiveness and his lack of understanding of the rights he was waiving. This was the only claim on which Warren presented evidence at the hearing on his motion for new trial. After the trial court held the hearing as required by the Alabama Court of Criminal Appeals, it denied Warren's motion for new trial. That denial was affirmed. In his petition for certiorari, Warren did not raise his constitutional claim of ineffectiveness of counsel based on counsel's alleged misrepresentation of the possible punishment should he go to trial. Rather, Warren claimed that the Alabama Court of Criminal Appeals' remand for a hearing was in error and that Warren was entitled to a new trial. It is correct that in his discussion of the issue, Warren relied on Alabama law which is to the effect that a guilty plea may be involuntary if influenced by a misrepresentation. However, the crux of Warren's certiorari petition was that the appellate court erred as a matter of state law in remanding the case to the trial court for a hearing. For this reason, the court concludes that Warren's voluntariness/ineffectiveness claim is defaulted under *Boerckel*. It was not presented to the Alabama Supreme Court in his petition for certiorari.

Warren's third and last claim is that his trial counsel was ineffective because he did not adequately investigate the facts of his case. This claim was not raised on direct appeal. It was raised for the first time in his Rule 32 petition. As with his first claim, the Alabama Court of Criminal Appeals found this claim defaulted because it was not presented to the trial court in

Warren's motion for new trial. More to the point, the claim is plainly defaulted for federal purposes because Warren did not petition for certiorari review of the affirmance of the denial of his Rule 32 petition. *Boerckel, supra.*

In sum, all of Warren's claims are procedurally defaulted. The court afforded Warren an opportunity to demonstrate cause and prejudice for his defaults. First, Warren claims cause exists because his appellate counsel was ineffective because he did not seek certiorari review of these defaulted claims. Of course, ineffectiveness of counsel will excuse a procedural default. *Murray v. Carrier*, 477 U.S. 478 (1986). However, *Murray* also mandates that a petitioner must present his claim of ineffective assistance of counsel to the state courts as an independent claim before he may use it to establish cause to excuse the procedural default of another claim. *Id*. at 488-89. *See also Edwards v. Carpenter*, 529 U.S. 446 (2000).

Warren raised his ineffectiveness of appellate counsel claim in his Rule 32 petition, but he did not present that claim in the appeal of the denial of his Rule 32 claim. And as the court has already observed, Warren did not seek certiorari review after the Alabama Court of Criminal Appeals affirmed denial of the Rule 32 petition. Because Warren has defaulted his ineffectiveness of appellate counsel claim, it may not be used to establish cause for other defaults. *Edwards, supra.*

Warren also contends that the court should consider his defaulted claims on the merits because "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence which he has alleged to support his claims." In *Sawyer v. Whitley*, 505

6

U.S. 333 (1992) the Supreme Court held that a court may reach the merits of a procedurally defaulted claim if doing so is necessary to prevent a fundamental miscarriage of justice. The miscarriage of justice exception applies where a petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. To meet this standard "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id*. at 324. In this regard, actual innocence means factual innocence, not mere legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 624 (1998). Warren fails to meet this stringent standard. He has come forward with no facts showing that in derogation of his guilty pleas he is actually innocent of the charges against him.

### III.  Conclusion

Warren fails to demonstrate cause for his defaults or any other reason by which the court may excuse his defaults. The court may not reach the merits of Warren's defaulted claims. Consequently, he is not entitled to habeas relief, and his petition is due to be denied. Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 be DENIED. It is further the RECOMMENDATION of the Magistrate Judge that the costs of this proceeding be taxed

against the petitioner.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve by mail a copy thereof on the parties to this action. The parties are DIRECTED to file any objections to the said Recommendation on or before **June 7, 2005**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 24th day of May, 2005.

                                        /s/Charles S. Coody
                                        CHARLES S. COODY
                                        CHIEF UNITED STATES MAGISTRATE JUDGE